1 | MARK W. ROBBINS, Bar No. 098552
mrobbins@littler.com
2 | DANIELLE EANET, Bar No. 251369
deanet@littler.com
3 | LITTLER MENDELSON, P.C.
2049 Century Park East
4 | 5th Floor
Los Angeles, CA 90067.3107
5 | Telephone: 310.553.0308
Fax No.: 310.553.5583
6 |

7 | Attorneys for Defendant
SOCIETE AIR FRANCE

8 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAMA DIALLO, | CASE NO. 2:14-cv-04749-PSG-PJW |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE PHILIP S. GUTIERREZ |
| v. | **STIPULATION RE PROTECTIVE ORDER** AND *ORDER* |
| AIR FRANCE-KLM; and DOES 1 through 50, Inclusive, | |
| Defendants. | |

This Order does not authorize

the parties to file documents

under seal. Under seal filings

are governed by Local Rule

79-5.        PJW

LER MENDELSON, P.C.
2049 Century Park East
5th Floor
Angeles, CA 90067.3107
310.553.0308

## I.   PURPOSE OF STIPULATION AND PROTECTIVE ORDER

The parties to this action anticipate that the discovery phase of this matter may involve the disclosure of material protected under the constitutional, statutory, or common law right to privacy or protected as confidential business, financial, proprietary, or trade secret information.   Without waiving any objections to the discoverability of any such information, it is the parties' intention to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner which protects all parties, including non-parties and third parties to this litigation, from the risk of disclosure of such confidential information. Accordingly, the parties, by and through their respective counsel, hereby stipulate to, and seek the Court's approval of, the following Protective Order.

## II.   DEFINITIONS

1.   <u>Party</u>. "Party" means any of the parties to this action, their affiliates, and their respective officers, directors, and employees.

2.   <u>Counsel</u>. "Counsel" means:

a.   Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party;

b.   Fraigun Law Group, and their respective support staff and other employees who are not employed by a Party;

3.   <u>Confidential or Confidential Information</u>.   For the purposes of this Protective Order, the term "Confidential" or "Confidential Information" is information that has not been made public or is not otherwise available or accessible in the public domain and that includes confidential or proprietary information of the disclosing party, the disclosure of which information is likely to have the effect of causing harm to the competitive position of disclosing party, or, if the disclosing party is a natural person, to the disclosing party's privacy.   Confidential Information also includes private information pertaining to a disclosing party's employees, for which the

1   disclosing party has a duty to maintain the confidentiality of such information.
2   Confidential Information also includes information (regardless of how generated,
3   stored or maintained) or tangible things that qualify for protection under standards
4   developed under Federal Rule of Civil Procedure 26(c).   Information designated
5   Confidential may be used only in connection with this proceeding, and not for any
6   other purpose.  Such information may not be disclosed to anyone except as provided
7   in this Order.

8   III.   DESIGNATION OF PROTECTED INFORMATION

9         5.     In connection with discovery proceedings in this action, the Parties or
10   any third party responding to a subpoena ("Third Party") may reasonably designate
11   any appropriate document, thing, material, testimony or other information derived
12   therefrom, as Confidential under the terms of this Protective Order (hereinafter
13   "Protective Order"). By designating a document, thing, material, testimony, or other
14   information derived therefrom as Confidential, the Party making the designation is
15   certifying to the Court that there is a good-faith basis both in law and fact for the
16   designation within the meaning of Federal Rule of Civil Procedure 26(g).

17        6.     Confidential documents shall be so designated by stamping each page of
18   the document produced to a Party with the legend "CONFIDENTIAL."  Stamping the
19   legend "CONFIDENTIAL" on the face of a CD-ROM, DVD, or other computer disk
20   or electronic storage device shall designate all contents therein as Confidential, unless
21   otherwise indicated by the producing party.

22        7.     Testimony taken at a deposition, conference, hearing or trial may be
23   designated as Confidential by making a statement to that effect on the record at the
24   deposition or other proceeding or, in the case of a deposition, such designation may be
25   made within thirty (30) days after the receipt of the deposition transcript.
26   Arrangements shall be made with the court reporter taking and transcribing such
27   proceeding to separately bind such portions of the transcript containing information
28   designated as Confidential, and to label such portions appropriately.  During the thirty

1    (30) day period, all such deposition transcripts shall be treated as if it had been
2    designated as Confidential unless otherwise agreed.

3        8.    Material designated as Confidential  under this Protective Order, the
4    information contained therein, and any summaries, copies, abstracts, or other
5    documents derived in whole or in part from material designated as Confidential
6    (collectively, "Confidential Material") shall be used only for the purpose of the
7    prosecution, defense, or settlement of this action, and for no other purpose.

8        9.    Confidential Material produced pursuant to this Protective Order and
9    marked solely as "Confidential" may be disclosed or made available only to:

10           a.    the Court and its personnel; a jury, arbitrator, or other trier or
11    determiner of fact in this action; a mediator who has been mutually agreed upon by
12    the Parties;

13           b.    Counsel for a Party (including the paralegal, clerical, and
14    secretarial staff employed by such Counsel);

15           c.    a Party, or an officer, director, or employee of a Party deemed
16    necessary by Counsel to aid in the prosecution, defense, or settlement of this action;

17           d.    experts or consultants (together with their clerical staff) retained by
18    such Counsel to assist in the prosecution, defense, or settlement of this action, except
19    that such experts and consultants shall not be employees of any Party or currently or
20    previously under contract with any Party (except any retention agreement relating to
21    such experts or consultants as experts or consultants in this action)

22           e.    court reporter(s), their staffs, and professional vendors to whom
23    disclosure is reasonably necessary for this litigation employed in this action;

24           f.    a witness at any deposition or other proceeding in this action;

25           g.    the author of the document or the original source of the
26    information, or any prior recipient of the document or information; and

27           h.    any other person as to whom the Parties in writing agree.
28    Categories (c)-(h) above shall hereafter be referred to as "Qualified Person(s)."  Prior

TTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
# Angeles, CA 90067.3107
910.553.0308

3.

to receiving any Confidential Material, each Qualified Person shall be provided with a copy of this Protective Order and shall execute a Nondisclosure Agreement in the form of Attachment A prior to receiving any Confidential Material.  The fully-executed Nondisclosure Agreement shall be retained by Counsel for the Party disclosing such Confidential Material to the Qualified Person.

11.   Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph 9, subject to the requirements of paragraph 9's requirement of the execution of a Non-Disclosure Agreement.

12.   Nothing herein shall impose any restrictions on the use or disclosure by a Party of material obtained by such Party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a Party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that Party shall continue to adhere to such confidentiality obligations.  Nothing in this Protective Order shall be deemed to restrict in any way any Party's use of its own documents or information, or the Party's attorneys with respect to that Party's own documents or information.

13.   If a Party wishes to file documents with the Court which have been designated "CONFIDENTIAL" by another Party or Third Party pursuant to this Protective Order, such documents must be filed under seal in compliance with Local Rule 79-5.1 unless consent to file using the normal procedures has been obtained from the designating party as specified herein.  The filing party's obligations shall be fulfilled by (a) filing the documents under seal as specified in Local Rule 79-5.1 with a supporting application stating that the documents were produced as Confidential Material pursuant to this Protective Order and a proposed order, and (b) giving notice of the filing by serving a copy of the application, proposed order and the document to be filed under seal to the Disclosing Party by personal service, email, fax or in another

1 manner reasonably calculated to ensure delivery by the end of the next business day.
2 The Disclosing Party shall have five days from the date of service of the application
3 and proposed order to file documents under seal to file and serve its own joinder in the
4 application setting forth good cause for the sealing of the material. If the application
5 is denied, then the document shall be made part of the public record. For purposes of
6 complying with deadlines under the Federal Rules of Civil Procedure, Local Rules or
7 any order of this Court, or for the setting of any other deadline triggered by the filing,
8 the date of notice and filing of the document to be filed under seal shall be deemed the
9 date of filing of the application to seal by the filing party and service in the manner
10 specified here. For example, if an opposition to a motion is due on January 1, 2015,
11 then the opposition shall be deemed timely if an application to file the opposition
12 under seal is filed by January 1, 2015 along with the opposition to be sealed itself.

13   14.   In the event that any Confidential Material is used in any Court
14 proceeding in this action, it shall not lose its Confidential status through such use and
15 the Party using such Confidential Material, shall take all reasonable steps to maintain
16 its confidentiality during such use.

17   15.   This Protective Order shall be without prejudice to the rights of the
18 Parties or any other Third Party (a) to bring before the Court at any time the question
19 of whether any particular document or information is Confidential or whether its use
20 should be restricted, or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c)
21 for a separate protective order as to any particular document or information, including
22 restrictions differing from those as specified herein.

23   16.   If a Party wishes to challenge the designation of materials stamped
24 "CONFIDENTIAL," the Challenging Party shall notify the Designating Party in
25 writing of the documents and basis for the challenge. The Designating Party shall
26 respond in writing within five (5) business days thereafter. If any disputes remain, the
27 parties shall meet and confer within four (4) business days of the Designating Party's
28 response in an effort to resolve such disputes. If any disputes remain unresolved, the

TLER MENDELSON, P.C.
2049 Century Park East
6th Floor
Los Angeles, CA 90067-3107
310.553.0308

5.

Challenging Party shall bring a motion seeking to remove the confidentiality designation pursuant to Local Rule 37. The Designating Party shall provide its portion of a joint stipulation to the Challenging Party pursuant to Local Rule 37-2.2 within five (5) business days after the parties meet and confer. Such motion shall thereafter be governed by Local Rule 37-2.2 through 37-4. This Protective Order shall not be deemed to prejudice the Parties in any way in any future application for modification of this Protective Order.

17. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission or waiver by any Party or any Third Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or any Third Party or the absence thereof, or to impact in any way a Party's right to object to any discovery requests on any grounds, including attorney-client privilege, work product immunity, or any other protection provided under the law.

18. While this Stipulation is for the Court's consideration and approval as an order, it shall also be construed to create a contract between the Parties or between the Parties and their respective counsel.

19. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this action, Counsel for the Parties shall assemble and return to each other all documents, materials, and deposition transcripts designated as Confidential. Alternatively, Counsel may agree to destroy all documents, materials, and deposition transcripts designated as Confidential, and provide written affirmation of such to opposing Counsel.

6.

20.   This Stipulation and Order may be executed in one or more identical counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile signatures of any Party upon the signature page of this Stipulation and Order shall be binding upon the Parties hereto and may be submitted as though such signatures were original signatures.

21.   In the event a party inadvertently discloses or produces any Confidential materials without designation, such inadvertent disclosure does not constitute a waiver of confidentiality status. A party may designate such documents/information Confidential within a reasonable time after such inadvertent disclosure.

22.   If a party wishes to use another party's Confidential Materials at trial, the party shall advise the other party's counsel prior to offering the documents, with advance notice if reasonably practicable. The proponent of confidentiality then may move to file the documents under seal. The proponent also may move the Court to restrict access to the courtroom while the "confidential" documents are discussed. The other parties need not join in such motions.

23.   In the event that a party is served with a subpoena by any person, firm, corporation, or other entity who is not a party to this action, is not a signatory to this Order, or otherwise is not bound by this Order, which seeks to compel production of Confidential documents, the party upon whom the subpoena is served shall give written notice of the subpoena to the party who has asserted that the information or documents sought by the subpoena is Confidential. The written notice required by this Paragraph shall be given no later than seven (7) days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier. The party who designated the subject information or documents as Confidential shall have the responsibility to obtain from the Court an order quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents. If such a motion is filed before the requested production

TLER MENDELSON, P.C.
3040 Century Park East
6th Floor
Angeles, CA 90067-3107
310.553.0308

date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order. If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order. If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Order.

24. This Stipulated Protective Order may be modified only if such modification is in writing, signed by the parties, and approved by an order of the Court.

Dated:   December 8, 2014          LITTLER MENDELSON
                                   A Professional Corporation


                                   Mark W. Robbins
                                   Danielle G. Eanet
                                   Attorneys for Defendant
                                   SOCIÉTÉ AIR FRANCE


Dated:   December 3, 2014          FRAIGUN LAW GROUP


                                   Marina Kats Fraigun
                                   Attorneys for Plaintiff

IT IS SO ORDERED.

8.

Dated: 12/10/14          Patrick J. Walsh
                         U.S. MAGISTRATE JUDGE

1

**Attachment A**

2

## NONDISCLOSURE AGREEMENT

3

 I, _____, do solemnly swear that I am fully

4

familiar with the terms of the Stipulation and Protective Order entered in MARIAMA

5

DIALLO v. AIR FRANCE-KLM; and DOES 1 through 25, inclusive, United States

6

District Court for the Central District of California, Civil Action No. 2:14-cv-04749-

7

PSG-PJW, and hereby agree to comply with and be bound by the terms and conditions

8

of said Order unless and until modified by further order of this Court.  I hereby

9

consent to the jurisdiction of said Court for purposes of enforcing this Protective

10

Order.

11

12

Dated: _____

13

14

Name: _____

15

Address: _____

16

_____

17

18

19

20

21

22

23

24

25

26

27

28

Firmwide:129212922.1 042012.1018

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.